Peggy A. Farrell, SBN 210853
**POTTER HANDY, LLP**
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
Email: PeggyF@PotterHandy.com

Attorneys for Plaintiff
JOHN WITTHOEFT, an individual

## UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WITTHOEFT, an individual, | **CASE NO. _____** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Disability Discrimination Violation of the Americans with Disabilities Act of 1990 (as amended) ("ADAAA") (42 U.S.C. §12112(a)) |
| FOOD 4 LESS OF CALIFORNIA, INC., a California corporation; KROGER COMPANY, an Ohio corporation; RANCHO SAN MIGUEL MARKETS, a California corporation; PAQ, INC., a California corporation; WALGREENS COMPANY, an Illinois corporation; DOLLAR GENERAL CORPORATION, a Tennessee corporation; WAL-MART STORES, | 2. Failure to Accommodate Disability in Violation of the ADAAA (42 U.S.C. §12112(5)(A)) |
| | 3. Disability Discrimination in Violation of Cal. Gov't Code § |

INC., a Delaware corporation;
DOLLAR TREE, INC., a Virginia
corporation; KMART
CORPORATION, a Michigan
corporation; SEARS HOLDING
COMPANY, a Delaware
corporation; SAVE MART
SUPERMARKETS, INC., a
California corporation; CVS
CAREMARK CORPORATION, a
Delaware corporation; CVS
PHARMACY, a Rhode Island
corporation; and DOES 1-200,
inclusive,

                    Defendant(s).

12940(a)

4.  Failure to Accommodate
    Disability in Violation of Cal.
    Gov't Code § 12940(m)

5.  Failure to Enter Into Good Faith
    Process in Violation of Cal.
    Gov't Code § 12940(n)

6.  Failure to Prevent Discrimination
    from Occurring in Violation of
    Cal. Gov't Code § 12940(k)

7.  Violation of the California
    Unruh Civil Rights Act (Cal.
    Civ. Code §51)

8.  Violation of the California
    Disabled Persons Act (Cal. Civ.
    Code § 54.1)

9.  Intentional Infliction of
    Emotional Distress

10. Negligent Infliction of Emotional
    Distress

**DEMAND FOR JURY TRIAL**

        Plaintiff JOHN WITTHOEFT, on information and belief, makes the following
allegations to support his Complaint.

**COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

1.     The jurisdiction of this Court is invoked under 28 U.S.C. 1331, 42 U.S.C. 12112, *et seq.* arising under the Americans with Disabilities Act of 1990 (as amended) and 42 U.S.C. §1983, *et seq.* in this action arising under the Federal Civil Rights Act.

2.     Venue of this action is proper in this judicial district by virtue of 28 U.S.C. Section 1391 because, among other things, the acts complained of occurred in this judicial district and because one or more of the defendants reside in this judicial district and all of the defendants reside in California.

**PLAINTIFF**

3.     Plaintiff JOHN WITTHOEFT (hereinafter "Plaintiff") is an adult, male individual.  Plaintiff is, and at all relevant times mentioned herein was, a resident of the State of California.  Plaintiff is, and at all relevant times was, a member of a protected class of persons with disabilities within the meaning of the Americans With Disabilities Act of 1990 (as amended) ("ADAAA") § 12111(4); the California Fair Employment and Housing Act ("FEHA") (Gov't Code § 12926.1); the California Unruh Civil Rights Act (Cal. Civ. Code § 51); and, the California Disabled Persons Act (Cal. Civ. Code § 54).

4.     At all relevant times herein, Plaintiff was an applicant for employment for the following employers: FOOD 4 LESS OF CALIFORNIA, INC., a California corporation; KROGER COMPANY, an Ohio corporation; RANCHO SAN MIGUEL MARKETS, a California corporation; PAQ, INC., a California corporation; WALGREENS COMPANY, an Illinois corporation; DOLLAR GENERAL CORPORATION, a Tennessee corporation; WAL-MART STORES,

**COMPLAINT FOR DAMAGES**

INC., a Delaware corporation; DOLLAR TREE, INC., a Virginia corporation; KMART CORPORATION, a Michigan corporation; SEARS HOLDING COMPANY, a Delaware corporation; SAVE MART SUPERMARKETS, INC., a California corporation; CVS CAREMARK CORPORATION, a Delaware corporation; and CVS PHARMACY, a Rhode Island corporation.

5.     This action arises out of Defendants' and each of them, violations of the ADAAA, FEHA, Unruh Civil Rights Act (Cal. Civ. Code § 51), California Disabled Persons Act (Cal. Civ. Code § 54.1), specifically, denial of equal opportunity in the application process, disability discrimination, failure to accommodate disability, failure to enter into a good faith process to determine reasonable accommodations, failure to prevent discrimination from occurring and failure to allow equal access to public accommodations which caused him to suffer emotional distress.

## DEFENDANTS

6.     Defendant FOOD 4 LESS OF CALIFORNIA, INC. ("F4L"), a California corporation, is a retail supermarket chain owned and operated by Defendant KROGER COMPANY, an Ohio corporation. F4L is authorized to do business in the State of California, County of Santa Clara; and F4L maintains a store location at 1561 Mitchell Rd., Ceres, California 95307, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants F4L and Kroger Company are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter

egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a F4L store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a business establishment within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants F4L and Kroger Company.  Defendants F4L and Kroger Company engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

7.     Defendant KROGER COMPANY, ("Kroger") an Ohio corporation, is a retail supermarket chain that is authorized to do business in the State of California, County of Santa Clara. Kroger owns and operates F4L stores in the State of California, including the store location at 1561 Mitchell Rd., Ceres, California 95307, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants Kroger and F4L are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a F4L store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations

**COMPLAINT FOR DAMAGES**

and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants Kroger and F4L. Defendants Kroger and F4L engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and are vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

8.      Defendant RANCHO SAN MIGUEL MARKETS, ("RSMM"), a California corporation, is a retail supermarket chain, owned and operated by PAQ, INC., a California corporation that is authorized to do business in the State of California, County of Santa Clara. RSMM maintains stores in the State of California, including the store located at 1611 East Hatch Rd, Modesto, CA 95351 where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants RSMM and PAQ, Inc. are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a RSMM store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment

**COMPLAINT FOR DAMAGES**

and agency with Defendants RSMM and PAQ, Inc.  Defendants RSMM and PAQ, Inc. engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

9.     Defendant PAQ, INC., ("PAQ") a California corporation, owns and operates the retail supermarket chain, Defendant RSMM and is authorized to do business in the State of California, County of Santa Clara. PAQ owns and operates RSMM stores in the State of California, including the store located at 1611 East Hatch Rd, Modesto, CA 95351, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants PAQ and RSMM are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a RSMM store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants PAQ and RSMM. Defendants PAQ and RSMM engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors,

**COMPLAINT FOR DAMAGES**

and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

10.    Defendant WALGREENS COMPANY, ("Walgreens") an Illinois corporation, is a retail store selling health and wellness products, pharmaceuticals and household items. Defendant Walgreens is authorized to do business in the State of California, County of Santa Clara; and, maintains retail stores in the State of California, including Walgreens Store No. 2902 located at 2101 East Hatch Rd., Ceres, California 95351 where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendant Walgreens is further an owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchiser and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by an Walgreens  store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant Walgreens. Defendant Walgreens engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

**COMPLAINT FOR DAMAGES**

11.     Defendant DOLLAR GENERAL CORPORATION, ("DG") a Tennessee corporation, owns and operates retail stores that sell household products and novelty items. Defendant DG is authorized to do business in the State of California, County of Santa Clara; and, maintains retail stores in the State of California, including the store located at 2531 E Whitmore Ave Suite L, Ceres, California, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendant DG is further an owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchiser and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a DG store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant DG. Defendant DG engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

12.     Defendant WAL-MART STORES, INC. ("Walmart"), a Delaware corporation, owns and operates retail stores that sell household products, clothing, sporting goods and electronics among other retail goods.  Defendant Walmart is authorized to do business in the State of California, County of Santa Clara; and,

**COMPLAINT FOR DAMAGES**

maintains retail stores in the State of California, including Walmart Store No. 1983 located at 1670 Mitchell Rd, Ceres, CA 95307, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendant Walmart is further an owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchiser and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Walmart store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant Walmart. Defendant Walmart engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

13.     Defendant DOLLAR TREE, INC., ("DT") a Virginia corporation, owns and operates retail stores that sell household products and novelty items. Defendant DT is authorized to do business in the State of California, County of Santa Clara; and, maintains retail stores in the State of California, including DT Store No. 1216, located at 2225 Plaza Pkwy # H. Modesto, CA 95350 where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein,

Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendant DT is further an owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchiser and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a DT store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendant DT. Defendant DT engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

14.     Defendant KMART CORPORATION, ("Kmart") a Michigan corporation, is a chain of retail stores that sells household products, clothing, sporting goods and electronics among other retail goods and is owned and operated by Defendant SEARS HOLDING COMPANY, a Delaware corporation. Defendant Kmart is authorized to do business in the State of California, County of Santa Clara; and, maintains retail stores in the State of California, including Kmart Store No. 03345, located at 1351 E Hatch Rd, Modesto, CA 95351 where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants Kmart and Sears Holding Company are further owners and/or

**COMPLAINT FOR DAMAGES**

operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Kmart store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants Kmart and Sears. Defendants Kmart and Sears engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

15.     Defendant SEARS HOLDING COMPANY ("Sears") a Delaware corporation, owns and operates the retail consumer goods chain, Defendant Kmart, and is authorized to do business in the State of California, County of Santa Clara. Sears owns and operates Kmart stores in the State of California, including the store located at 1351 E Hatch Rd, Modesto, CA 95351, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants Sears and Kmart are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Kmart store, public accommodations, and subject to the requirements of federal and state law requiring full and equal

**COMPLAINT FOR DAMAGES**

access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants Sears and Kmart.  Defendants Sears and Kmart engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and are vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

16.    Defendant SAVE MART SUPERMARKETS, INC., ("Save Mart") a California corporation, owns and operates retail stores that sell household products and novelty items. Defendant Save Mart is authorized to do business in the State of California, County of Santa Clara; and, maintains retail stores in the State of California, including the store located at 801 Oakdale Rd., Modesto CA 95355, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendant Save Mart is further an owner and/or operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, and/or alter ego, franchiser and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Save Mart store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with

**COMPLAINT FOR DAMAGES**

Defendant Save Mart. Defendant Save Mart engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

17.     Defendant CVS CAREMARK CORPORATION, ("CVS Caremark") a Delaware corporation, owns and operates the retail consumer goods and pharmacy chain, Defendant CVS PHARMACY, INC., a Rhode Island Corporation, and is authorized to do business in the State of California, County of Santa Clara. CVS Caremark owns and operates CVS Pharmacy stores in the State of California, including the store located at 2075 East Hatch Rd., Modesto, CA 95351, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants CVS Caremark and CVS Pharmacy are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a CVS Pharmacy store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants CVS Caremark and CVS Pharmacy. Defendants CVS Caremark and CVS Pharmacy engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

**COMPLAINT FOR DAMAGES**

conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

18.     Defendant CVS PHARMACY, INC., ("CVS Pharmacy") a Rhode Island corporation and subsidiary of Defendant CVS CAREMARK CORPORATION, a Delaware corporation, is authorized to do business in the State of California, County of Santa Clara. CVS Pharmacy maintains stores in the State of California, including the store located at 2075 East Hatch Rd., Modesto, CA 95351, where Plaintiff attempted to apply for a job but was prevented from doing so due to Defendant's discriminatory and tortious acts. At all times mentioned herein, Defendant was, an "employer" within the meaning of the ADAAA, § 12111(2); and, §12926(d) of the FEHA. Defendants CVS Pharmacy and CVS Caremark are further owners and/or operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by a CVS Pharmacy store, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities and operated as a "business establishment" within the meaning of Cal. Civ. Code § 51, *et seq.* and § 54.1. In doing the acts herein alleged, Defendant's employees, subcontractors, and agents acted within the course and scope of their employment and agency with Defendants CVS Pharmacy and CVS Caremark.  Defendants CVS Pharmacy and CVS Caremark engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and are vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

**COMPLAINT FOR DAMAGES**

19.     Defendants DOES 1 through 200, inclusive, are other possible defendants responsible for the wrongful conduct alleged herein. The true names and capacities of defendants named herein as DOES 1 through 200, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such defendants by such fictitious names. Plaintiff is informed and believes that the DOE defendants are California residents and/or licensed to and doing business in the State of California, County of Santa Clara. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each Defendant DOE herein is in some manner responsible for the discrimination based on his physical disability, and damages herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will amend this Complaint to show true names and capacities when the true names, capacities, connections, and responsibilities of Defendants, and each of them when they have been determined.

20.     Defendants FOOD 4 LESS OF CALIFORNIA, INC., a California corporation; KROGER COMPANY, an Ohio corporation; RANCHO SAN MIGUEL MARKETS, a California corporation; PAQ, INC., a California corporation; WALGREENS COMPANY, an Illinois corporation; DOLLAR GENERAL CORPORATION, a Tennessee corporation; WAL-MART STORES, INC., a Delaware corporation; DOLLAR TREE, INC., a Virginia corporation; KMART CORPORATION, a Michigan corporation; SEARS HOLDING COMPANY, a Delaware corporation; SAVE MART SUPERMARKETS, INC., a California corporation; CVS CAREMARK CORPORATION, a Delaware corporation; and CVS PHARMACY, a Rhode Island corporation; and DOES 1 through 200, inclusive, are hereinafter referred to collectively as "Defendants" unless otherwise specifically identified.

**COMPLAINT FOR DAMAGES**

## EXHAUSTION OF REMEDIES

21.     Plaintiff timely filed complaints against each Defendant with the Equal Employment Opportunity Commission and the Department of Fair Employment & Housing (dual filed) and received a notice of case closure and right to sue with respect to each Defendant on July 3, 2014. Plaintiff has therefore exhausted his administrative remedies as to his federal and state claims under the Americans with Disabilities Act and the Fair Employment & Housing Act and timely filed suit within 90 days of receipt of the Federal EEOC Right to Sue.

## FACTS COMMON TO ALL CAUSES OF ACTION

22.     Plaintiff, John Witthoeft has a visual disability which substantially limits his ability to read, write, type and maneuver through a webpage without magnification, assistive devices and/or web accessibility compliance. If the website is not properly "labeled" for visually impaired users, Mr. Witthoeft is denied full accessibility to that website even with the use of assistive devices.

23.     Mr. Witthoeft's disability does not however disable him from working in generalized labor positions, such as, a stocker, handler or receiver, and he has a significant work history that includes coaching student sports teams.

24.     Between August and October 2013, Mr. Witthoeft attempted to apply for general labor positions with each of the Defendants. Each Defendant directed Mr. Witthoeft to apply online. When Mr. Witthoeft indicated he was visually impaired and required an accommodation to complete an application online, he suggested that he be permitted to submit a paper application instead. In each instance, each employer declined to give Mr. Witthoeft a paper application or offer any alternative accommodations to the online system.

**COMPLAINT FOR DAMAGES**

25.   Following each Defendants' directive to the company website, Mr. Witthoeft attempted to access the "online job portal" and in each instance, as to each Defendant named herein, the job portal was inaccessible to visually impaired users such as Mr. Witthoeft, because the web functions and "form" labeling did not comply with web accessibility standards.

26.   Because each Defendant only accepted applications via their "online job application portal" which was not accessible to Mr. Witthoeft and because Defendants refused to accommodate him in the application process, Mr. Witthoeft was denied equal opportunity to apply for a position because of his disability and need for accommodation; and was therefore discriminated against by Defendants.

27.   Defendants not only refused to offer Mr. Witthoeft an accommodation with respect to the application process, but when Mr. Witthoeft suggested that they provide him with a paper application to complete, each Defendant refused, without discussion, and again advised that paper applications would not be considered and that all job applications must be submitted online only without offering alternatives or referrals for accommodation. As a result, Mr. Witthoeft was denied equal opportunity and denied accommodation in the application process.

## SPECIFIC FACTS AS TO EACH DEFENDANT
### I.   Food 4 Less of California, Inc./Kroger Company (collectively "F4L")

28.   Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went into Food 4 Less store locatation, 1561 Mitchell Rd., Ceres, California 95307, to apply for a general labor position as a stocker or assistant. When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the F4L website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or access a paper application online due

18

to his visual disability and inaccessibility. The sales assistant told him that F4L does not accept paper applications and would only accept applications through their online job portal.

29.   Mr. Witthoeft nonetheless went to F4L job website located at https://www.food4less.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

30.   As a result, Mr. Witthoeft was unable to apply for a job at Food 4 Less because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at F4L.

## II. Rancho San Miguel Markets/PAQ, Inc. (collectively "RSMM")

31.   Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to RSMM located at 1611 East Hatch Rd, Modesto, CA 95351, to apply for a general labor position as a stocker or assistant.

32.   When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the Rancho website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or access a paper application online due to his visual disability and inaccessibility. The sales assistant again told him that Rancho does not accept paper applications and would only accept applications through their online job portal.

**COMPLAINT FOR DAMAGES**

33.     Mr. Witthoeft nonetheless went to RSMM's website located at www.ranchosanmiguelmarkets.com, using his assistive screen reader device, and attempted to locate information about applying online. However, he was unable to locate the job application portal, maneuver through the site or access any information about applying for a position because the "careers" tab was not visible or accessible, due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

34.     As a result, Mr. Witthoeft was unable to apply for a job at RSMM because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at RSMM.

### III.     Walgreen Company ("Walgreens")

35.     Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to Walgreens located at 2101 East Hatch Rd., Ceres, California 95351, to apply for a general labor position as a stocker or assistant.

36.     When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the Walgreens website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online due to his visual disability and inaccessibility. The sales assistant again told him that Walgreens does not accept paper applications and would only accept applications through their online job portal.

37.     Mr. Witthoeft nonetheless went to Walgreen's website located at www.walgreens.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to

**COMPLAINT FOR DAMAGES**

locate the job application portal, maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

38.     As a result, Mr. Witthoeft was unable to apply for a job at Walgreens because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at Walgreens.

## IV.   Dollar General Corporation ("DG")

39.     Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to DG located at 2531 E Whitmore Ave Suite L, Ceres, California 95307, to apply for a general labor position as a stocker or assistant.

40.     When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the DG website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or due to his visual disability and inaccessibility. The sales assistant told him that DG does not have paper applications and would only accept applications through their online job portal.

41.     Mr. Witthoeft nonetheless went to DG's website located at www.dollargeneral.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to locate the job application portal, maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate

**COMPLAINT FOR DAMAGES**

information on the site regarding reasonable accommodations for persons with disabilities.

42.     As a result, Mr. Witthoeft was unable to apply for a job at DG because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at DG.

## V. <u>Wal-Mart Stores, Inc. ("Walmart")</u>

43.     Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to Walmart located at 1670 Mitchell Rd, Ceres CA, 95307, to apply for a general labor position as a stocker or assistant.

44.     When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the Walmart website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online due to his visual disability and inaccessibility of the website. The sales assistant again told him that Walmart does not accept paper applications and would only accept applications through their online job portal.

45.     When Mr. Witthoeft inquired about reasonable accommodations, the sales assistant offered to have a store employee complete the online application with him, he declined on grounds that the accommodation was not reasonable, since it would require him to disclose his confidential employment history, social security number and other personal confidential information to a non-decision maker; and he would not be able to confirm that the application was completed accurately. The sales assistant declined to offer any alternatives or refer him to a resource for reasonable accommodations.

**COMPLAINT FOR DAMAGES**

46.     Mr. Witthoeft nonetheless went to Walmart's website located at www.walmart.com, using his assistive screen reader device, and attempted to complete the application on his own. However, he was unable to maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

47.     As a result, Mr. Witthoeft was unable to apply for a job at Walmart because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at Walmart.

## VI.    Kmart Corp./Sears Holding Company (collectively "Kmart")

48.     Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to Kmart located at 1351 E Hatch Rd, Modesto, CA 95351, to apply for a general labor position as a stocker or assistant.

49.     When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the Kmart website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or due to his visual disability and inaccessibility. The sales assistant told him that Kmart does not have paper applications and would only accept applications through their online job portal.

50.     Mr. Witthoeft nonetheless went to Kmart's website located at www.kmart.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to locate the job application portal, maneuver through the site or access the job application

**COMPLAINT FOR DAMAGES**

fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

51.    As a result, Mr. Witthoeft was unable to apply for a job at Kmart because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at Kmart.

## VII.   Save Mart Supermarkets, Inc. ("Save Mart")

52.    Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went to Save Mart located at 801 Oakdale Rd., Modesto, CA 95355, to apply for a general labor position as a stocker or assistant.

53.    When he asked a sales assistant for a paper application to complete, she referred him to a manager. The manager told Mr. Witthoeft that he could only apply online on the Save Mart website. Mr. Witthoeft told the manager that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or due to his visual disability and inaccessibility. After Mr. Witthoeft requested the accommodation, the manager went into the back office for a few minutes, and when she returned, she told Mr. Witthoeft, on behalf of Save Mart, that the store was "not hiring anyway" and offered no alternative accommodations. On information and belief, Save Mart refused to provide Mr. Witthoeft with a reasonable accommodation in the application process and denied that positions were even available because he disclosed that he had a visual disability.

54.    Mr. Witthoeft nonetheless went to Save Mart's website located at www.savemart.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to

**COMPLAINT FOR DAMAGES**

locate the job application portal, maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

55.     As a result, Mr. Witthoeft was unable to apply for a job at Save Mart because management discriminated against him and refused to allow him to apply or offer reasonable accommodations, because they did not want to hire a person with a disability. Moreover, the Save Mart online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at Save Mart.

### VIII.  CVS Caremark/CVS Pharmacy (collectively "CVS")

56.     Between the dates of October 8 and October 20, 2013, Mr. Witthoeft went into CVS located at 2075 East Hatch Rd., Modesto, CA 95351, to apply for a general labor position as a stocker or assistant.

57.     When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the CVS website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or due to his visual disability and inaccessibility. The sales assistant told him that CVS does not have paper applications and would only accept applications through their online job portal.

58.     Mr. Witthoeft nonetheless went to CVS' website located at www.cvs.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to locate the

job application portal, maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

59.    As a result, Mr. Witthoeft was unable to apply for a job at CVS because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at CVS.

## IX.    Dollar Tree, Inc. ("DT")

60.    On or about August 1, 2013, Mr. Witthoeft went into DT Store No. 1216 located at 2225 Plaza Pkwy # H. Modesto, CA 95350, to apply for a general labor position as a stocker or assistant.

61.    When he asked a sales assistant for a paper application to complete, he was told he could only apply online on the DT website. Mr. Witthoeft told the sales assistant that he required an accommodation in the form of a paper application to complete on grounds that he could not complete the application online or due to his visual disability and inaccessibility. The sales assistant told him that DT does not have paper applications and would only accept applications through their online job portal.

62.    Mr. Witthoeft nonetheless went to DT's website located at www.dollartree.com, using his assistive screen reader device, and attempted to locate and complete the online application on his own. However, he was unable to locate the job application portal, maneuver through the site or access the job application fields due to "mislabeling" among other web functions that pose barriers to persons with visual disabilities and he was further unable to locate information on the site regarding reasonable accommodations for persons with disabilities.

**COMPLAINT FOR DAMAGES**

63.    As a result, Mr. Witthoeft was unable to apply for a job at DT because their online job application process was inaccessible to persons with visual impairments and no alternative accommodations were offered to allow Mr. Witthoeft to apply for a position at DT.

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of the Americans with Disabilities Act of 1990 (as amended) (ADAAA) (42 U.S.C. §12112(a))**

**(Against ALL DEFENDANTS and DOES 1-200, inclusive)**

65.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-64, above.

66.    The ADAAA, 42 U.S.C. § 12112(a), makes it an unlawful employment practice to "discriminate against a qualified individual with a disability because of disability of such individual in regard to job application procedures, … hiring, and other terms, conditions, and privileges of employment." The failure to provide reasonable accommodations to persons with disabilities in the job application and hiring process is a form of disability discrimination and constitutes a denial of equal employment opportunities. *Id.* at §(5)(A) and (B).

67.    Defendants, and each of them are covered entities under the ADAAA and are therefore subject to the proscriptions of §12112(a) to refrain from discrimination and the denial of equal opportunity of persons with disabilities.

68.    Plaintiff is a qualified person with a disability as defined by the ADAAA, §12102(2).

69.    As alleged herein, Plaintiff was denied reasonable accommodations in the job application process maintained by each Defendant. As a result, he was

**COMPLAINT FOR DAMAGES**

denied the opportunity to compete equally with other non-disabled job applicants based solely on his disability. Defendants' conduct therefore violates the ADAAA, § 12112(a).

70.     As alleged herein, Defendants, and each of them, failed to provide Plaintiff with reasonable accommodations in the job application and hiring process and failed and refused to take any action to prevent the discrimination from occurring, and instead ratified the conduct of its employees and agents.

71.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to sustain front pay losses (future earnings), interest on front pay losses and lost earnings capacity in an amount to be determined according to proof at trial, pursuant to section 706(g) of the 1964 Civil Rights Act. (42 U.S.C. §1981a(a)(2)).

72.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer future pecuniary and nonpecuniary losses, including, without limitation, medical bills, damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other losses not presently ascertained.  The exact nature, duration, and extent of said emotional injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

73.     Plaintiff is further informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive

amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and each of them, their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover compensatory and punitive damages from defendants pursuant to 42 U.S.C. § 1981a(a)(2)(b)(1)(2)(3)(D).

74.    As a result of Defendants' intentional discriminatory conduct, Plaintiff is entitled to an injunction against defendants to prevent them from engaging in such unlawful employment practices, and order such affirmative action as may be appropriate pursuant to 42 U.S.C. §2000e-5(g)(1).

75.    As a result of the discriminatory and retaliatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to the 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of ADAAA

### (42 U.S.C. §12112(5)(A))

### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

76.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-75, above.

77.    The ADAAA, 42 U.S.C. § 12112(5)(A), makes it an unlawful employment practice to fail to make reasonable accommodations to the known physical limitations of an otherwise qualified employee with a disability.

78.     Defendants, and each of them, are covered entities under the ADAAA and are therefore subject to §12112(5)(A) and required to provide reasonable accommodations to employees with disabilities.

79.     Plaintiff is a qualified person with a disability as defined by the ADAAA, §12102(2).

80.     As alleged herein, Plaintiff requested a reasonable accommodation for his disability to apply for a job with each Defendant. Defendants failed and refused to provide him with a reasonable accommodation in the job application and hiring process or offer alternatives to the online application process which was inaccessible to Plaintiff, a person with a visual impairment. Defendants, and each of them, further failed and refused to enter into a good faith process to determine reasonable accommodations and rejected Plaintiff's request to apply via a paper application  without offering alternatives in violation of the ADAAA, §12112(5)(A) even though it was presumptively reasonable and there was no hardship to Defendants in granting his request for accommodation.

81.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to sustain front pay losses (future earnings), interest on front pay losses and lost earnings capacity in an amount to be determined according to proof at trial, pursuant to section 706(g) of the 1964 Civil Rights Act. (42 U.S.C. §1981a(a)(2)).

82.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer future pecuniary and nonpecuniary losses, including, without limitation, medical bills, damages for emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety and other losses not presently

**COMPLAINT FOR DAMAGES**

ascertained.  The exact nature, duration, and extent of said emotional injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

83.    Plaintiff is further informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants, and each of them, their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover compensatory and punitive damages from Defendants pursuant to 42 U.S.C. § 1981a(a)(2)(b)(1)(2)(3)(D).

84.    As a result of Defendants' intentional discriminatory conduct, Plaintiff is entitled to an injunction against defendants to prevent them from engaging in such unlawful employment practices, and order such affirmative action as may be appropriate pursuant to 42 U.S.C. §2000e-5(g)(1).

85.    As a result of the failure to accommodate Plaintiff's disability as alleged herein, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and costs of suit pursuant to the 42 U.S.C. §12205.

///

///

///

///

## **THIRD CAUSE OF ACTION**

**Disability Discrimination in Violation of Cal. Gov't Code § 12940(a)**
**(Against ALL DEFENDANTS and DOES 1-200, inclusive)**

86.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-85, above.

87.     Cal. Gov't Code § 12940(a) makes it an unlawful employment practice to discriminate against someone because they have a disability. Specifically, to refuse to hire or employ, to bar from employment, or to discriminate against the person in the "terms, conditions or privileges of employment." The failure to accommodate a known physical disability is a form of disability discrimination.

88.     As alleged herein and in violation of California Government Code § 12940, et seq., Defendants, and each of them, discriminated against Plaintiff in employment on grounds that he has a physical disability as defined by Gov't Code § 12926.1(c).  Defendants further violated Plaintiff's rights to a discrimination free work environment by failing to take all reasonable steps necessary to prevent discrimination from occurring as required by California Government Code § 12940(k).  Defendants also violated Plaintiff's rights by refusing to provide a reasonable accommodation in the application and hiring process, and rejecting Plaintiff's suggestions without providing alternatives.

89.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

**COMPLAINT FOR DAMAGES**

90.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

91.     Plaintiff is informed and believes and thereon alleges that Defendants and each of them, their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

92.     As a result of Defendants' intentional discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## FOURTH CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of Cal. Gov't Code § 12940(m)

### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

93.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-92, above.

94.     Pursuant to G.C. §12940(m), it is unlawful for an employer to deny a request for a reasonable accommodation for a known disability.

95.     As alleged herein, Plaintiff requested a reasonable accommodation for his disability to apply for a job with each Defendant. Defendants failed and refused to provide him with a reasonable accommodation in the job application and hiring process or offer alternatives to the online application process which was inaccessible to Plaintiff, a person with a visual impairment. Defendants, and each of them, further failed and refused to enter into a good faith process to determine reasonable accommodations and rejected Plaintiff's request to apply via a paper application without offering alternatives in violation of the FEHA even though it was presumptively reasonable and there was no hardship to Defendants in granting his request for accommodation.

96.     By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

97.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

98.     Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein

maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

99.    As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## FIFTH CAUSE OF ACTION

### Failure to Enter Into a Good Faith Process in Violation of Cal. Gov't Code § 12940(m)

### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

100.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-99 above.

101.    Pursuant G.C. §12940(n), employers have a mandatory obligation to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations.

102.    As alleged herein, Defendants failed and refused to engage in any good faith discussions with Plaintiff regarding his accommodation; and specifically denied his request, rejected his suggestion and did not offer any alternatives. Defendants, and each of them, therefore failed and refused to engage in the interactive process required to reasonably accommodate Plaintiff as a matter of law.

**COMPLAINT FOR DAMAGES**

103.   By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

104.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

105.   Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

106.   As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

///

///

**COMPLAINT FOR DAMAGES**

# SIXTH CAUSE OF ACTION

## Failure to Prevent Discrimination from Occurring in Violation of Cal. Gov't Code § 12940(k)

### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

107.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-106, above.

108.    G.C. §12940(k) provides as follows: "[i]t shall be an unlawful employment practice, for an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination … from occurring."

109.    As alleged herein, Defendants, and each of them discriminated, against Plaintiff because of his disability, denied him reasonable accommodations without offering alternatives and failed to enter into a good faith process to determine reasonable accommodations before denying his request. By failing to prevent discrimination and harassment from occurring, Defendants, and each of them violated G.C. §12940(k).

110.    By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

111.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but

he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

112.   Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

113.   As a result of Defendants' retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 12965(b) of the California Government Code.

## SEVENTH CAUSE OF ACTION

**Disability Discrimination in Violation of the Unruh Civil Rights Act**
**[Cal. Civil Code § 51]**

**(Against ALL DEFENDANTS and DOES 1-200, inclusive)**

114.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-113, above.

115.   Cal. Civ. Code § 51(b) provides in pertinent part that, "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their … disability [or] medical condition … are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

**COMPLAINT FOR DAMAGES**

116.   At all times herein, Plaintiff was a qualified person with a disability as defined by the California Fair Employment & Housing Act (Cal. Govt. Code § 12926(n),(q); was further a "person" within the jurisdiction within the State of California; and, is therefore within the class of persons protected by the Unruh Civil Rights Act. (Cal. Gov't Code § 12948, 2 CCR § 10001(q)).

117.   At all times mentioned herein, Defendants, and each of them were business establishments and are therefore places of public accommodation and subject to Cal. Civ. Code §51(b).

118.   As alleged herein, Plaintiff was intentionally discriminated against because of his disability, was denied a reasonable accommodation for his disability and was therefore barred from accessing the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendants, and each of them, which were places of public accommodation.

119.   As alleged herein, Defendants, and each of them, further intentionally denied and aided and incited a denial of reasonable accommodations to Plaintiff and discriminated against him because of his disability even though other nondisabled employees were not subject to these actions, thereby depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendants, and each of them, which were places of public accommodation.

120.   By aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

**COMPLAINT FOR DAMAGES**

121.   As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

122.   Plaintiff is informed and believes and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof. Cal. Civ. Code § 3294.

123.   As a result of Defendants' intentionally discriminatory acts as alleged herein, Plaintiff is entitled to actual damages, and any amount that may be determined by a jury, up to three times the amount of actual damages and any attorney's fees and costs of suit that may be determined by the court as provided in Cal. Civ. Code §52(a).

///

///

///

///

**COMPLAINT FOR DAMAGES**

## EIGHTH CAUSE OF ACTION

**Disability Discrimination in Violation of the California Disabled Persons Act**
**[Cal. Civil Code § 54.1]**

**(Against ALL DEFENDANTS and DOES 1-200, inclusive)**

124.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-123, above.

125.    Cal. Civ. Code § 54.1 provides in pertinent part that, Civil Code Section 54.1(a) provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including, hospitals, clinics, and physicians' offices…and other places if public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulations, and applicable alike to all persons."

126.    At all times mentioned herein, Defendants, and each of them are "place[s] of public accommodation" within the meaning of Civil Code section 54.1.

127.    Through the conduct described above, Defendants, and each of them, have intentionally denied Plaintiff, solely on the basis of his physical disability, access to accommodations and/or facilities of a place of public accommodation otherwise available to members of the general public who are not physically disabled.

128.    In order to prevent Defendants from continuing to violate Civil Code section 54.1, Defendants should be enjoined from engaging in the unlawful and invidious discriminatory practice of refusing to provide individuals with reasonable accommodations in their job application processes and therefore denying them

**COMPLAINT FOR DAMAGES**

equal opportunity in the application and hiring process, on the basis of such persons' physical disability. In addition, Defendants should be further ordered to take all steps necessary to ensure the full enjoyment of rights guaranteed by Civil Code section 54.1. Plaintiff is entitled to such relief under Civil Code section 55.

129.   As a further and proximate result of Defendants' denial of access to Plaintiff, Plaintiff has suffered harm in the form of denial of accommodations, and therefore denial of equal opportunity to apply for employment and to be considered for hire and has suffered shame, humiliation, degradation and emotional distress.

130.   Pursuant to Civil Code section 54.3, Plaintiff is entitled to their actual damages in an amount to be determined at trial pursuant to Civil Code section 54.3, the Plaintiff is further entitled to such additional amount as may be determined at trial, up to a maximum of three times the amount of actual damage but in no case less than one thousand dollars ($1,000.00) per violation. Plaintiff is further entitled to and any attorney's fees and costs of suit that may be determined by the court as provided in Cal. Civ. Code §52(a).

131.   In committing the acts described above, Defendants, and each of them, acted maliciously and oppressively, with a conscious, reckless, willful and callous disregard of Plaintiff's right to full and equal access to Defendants' and each of them, places of public accommodation equivalent to that of members of the general public who are not physically disabled. Plaintiff is therefore entitled to exemplary and punitive damages in an amount sufficient to punish and set an example of Defendants, and each of them. Cal. Civ. Code § 3294.

///

///

///

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

132.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-131, above.

133.   Defendants, and each of them, acting in the course and scope of their employment, engaged in extreme and outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff. As set forth in detail under "Facts Common To All Causes of Action," Defendants discriminated against Plaintiff because of disability, failed to provide reasonable accommodations, refused to engage in the interactive process required to reasonably accommodate him, and failed to undertake any measures to prevent the discrimination from occurring because of his physical disability.

134.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

135.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

136.   As a further proximate result of the acts of Defendants and each of them, Plaintiff has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in the future to expend money and incur obligations, for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

137.   In committing the acts described above, Defendants, and each of them, acted maliciously and oppressively, with a conscious, reckless, willful and callous disregard of Plaintiff's right to full and equal access to Defendants' and each of them, places of public accommodation equivalent to that of members of the general public who are not physically disabled. Plaintiff is therefore entitled to exemplary and punitive damages in an amount sufficient to punish and set an example of Defendants, and each of them. Cal. Civ. Code § 3294.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against ALL DEFENDANTS and DOES 1-200, inclusive)

138.   Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1-137, above.

139.   As an applicant for employment, Plaintiff was owed a duty of care by Defendants, and each of them, to ensure that Plaintiff was not exposed to foreseeable harams and to uphold non-discrimination policies in accordance with law.

140.   Defendants, and each of them, knew, or should have known, that Plaintiff was being, or would be, subjected to the conduct as alleged herein, and knew, or should have known, that subjecting Plaintiff to such conduct and/or failing to exercise due care to any other employee, officer, agent or supervisor

from engaging in such conduct, could and would cause Plaintiff to suffer emotional distress.  Defendants, and each of them, breached their duty of due care by engaging in such conduct, by failing to take any and all reasonable steps to halt such conduct and/or to prevent such conduct from occurring, and by failing to take appropriate corrective action following such conduct.

141.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, medical expenses, loss of earnings and future earning capacity, costs of suit, and other pecuniary loss not presently ascertained.

142.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, trauma, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature, duration, and extent of said injuries is presently unknown to Plaintiff, but he is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

143.   As a further proximate result of the acts of Defendants and each of them, Plaintiff has been damaged in that he has been required to expend money and to incur obligations, and may continue to do so in the future to expend money and incur obligations, for treatment and/or medication reasonably required in the relief of the injuries herein alleged.

///

///

///

///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR DAMAGES**

WHEREFORE, the Plaintiff, on behalf of himself prays as follows:

1.     That the Plaintiff be awarded all costs and litigation expenses incurred in bring this action;

2.     For reasonable attorneys' fees and costs incurred in bringing this action as follows:

  a.     For Plaintiff's First and Second Causes of Action pursuant to 42 U.S.C. §12205;

  b.     For Plaintiff's Third through Sixth Cause of Action pursuant to Cal. Gov't Code § 12965(b);

  c.     For Plaintiff's Seventh Cause of Action pursuant to Cal. Civ. Code § 52(a);

  d.     For Plaintiff's Eighth Cause of Action pursuant to Cal. Civ. Code § 54.3.

3.     That the Plaintiff be awarded prejudgment and postjudgment interest;

4.     General, compensatory and special damages in an amount according to proof;

5.     Actual and treble the actual damages in an amount according to proof pursuant to Cal. Civ. Code § 52(a) and 54.3;

6.     Injunctive relief pursuant to 42 U.S.C. § 2000e-5(g)(1); Cal. Gov't Code § 12965; Cal. Civ. Code § 55;

7.     Punitive damages pursuant to 42 U.S.C. § 1981a(a)(2)(b)(1)(2)(3)(D); Cal. Civ. Code § 3294;

8.     All alternative and additional relief that the Court deems just and proper.

///

///

**COMPLAINT FOR DAMAGES**

Dated: September 30, 2014

POTTER HANDY, LLP

By:

Peggy A. Farrell
Attorneys for Plaintiff JOHN WITTHOEFT

**COMPLAINT FOR DAMAGES**

### DEMAND FOR JURY TRIAL

Plaintiff, JOHN WITTHOEFT, hereby demands a trial by jury.

///

Dated: September 30, 2014

POTTER HANDY, LLP

By: _____

Peggy A. Farrell
Attorneys for Plaintiff JOHN WITTHOEFT

**COMPLAINT FOR DAMAGES**